IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSIE D. PAGE,　　　　　　　　　　　　　　Case No. 1:12-cv-01107-AA
　　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER
　　　　Plaintiff,

　　v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

　　　　Defendant.
_____

Tim Wilborn
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, Nevada 89137
　　Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Gerald J. Hill
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
　　Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff Jessie Page brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On February 23, 2009, plaintiff filed his most recent application for SSI.[1] Tr. 10, 110-12. After the application was denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge ("ALJ"). Tr. 82-85. On January 27, 2011, an ALJ hearing was held before the Honorable Edward Hein; plaintiff was represented by counsel and testified therein, as did plaintiff's mother, Caramia Page, and a vocational expert ("VE"). Tr. 35-68. On February 15, 2011, ALJ Hein issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 10-16. After the Appeals Council declined review, plaintiff filed a complaint in this Court. Tr. 1-5.

## STATEMENT OF FACTS

Born on August 11, 1988, plaintiff was 20 years old on the

---

[1] Although neither party addresses this issue and there is scant documentation thereof, plaintiff previously applied for SSI based on essentially the same allegedly disabling impairments. See, e.g., Tr. 273. Yet as plaintiff acknowledges, although he asserts a disability onset date of January 1, 2005 or, alternatively, January 1, 1992, "benefits may not be paid . . . prior to the month in which the [most recent] application was filed." Pl.'s Opening Br. 2 n.1; see also Tr. 10-16, 110, 117.

Page 2 - OPINION AND ORDER

alleged onset date of disability and 22 years old at the time of the hearing. Tr. 15, 39, 110. Plaintiff dropped out of high school after completing the eleventh grade. Tr. 46, 122. He previously worked as forestry aid. Tr. 42-43, 118. Plaintiff alleges that he became disabled on January 1, 2005 due to chronic testicular pain.[2] Tr. 117.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason

---

[2] The record also refers to asthma and a potential movement disorder; however, plaintiff's briefs are silent concerning whether or how these impairments interfere with his ability to work. See generally Pl.'s Opening Br.; Pl.'s Reply Br.; see also Tr. 286-93 (plaintiff denying that his alleged movement disorder results in pain or sleep disruption).

Page 3 - OPINION AND ORDER

of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 416.920(e). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.920(e) & (f). If the Commissioner meets

Page 4 - OPINION AND ORDER

this burden, the claimant is not disabled. 20 C.F.R. § 416.966.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. Tr. 12. At step two, the ALJ determined that plaintiff has the following severe impairments: "chronic testicular pain of unknown etiology status post bilateral orchiopexy, a movement disorder of unknown etiology, and asthma."[3] Id. At step three, the ALJ found that plaintiff's impairment did not meet or equal the requirements of a listed impairment. Id.

Since plaintiff did not establish disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a). Tr. 13. At step four, the ALJ found that plaintiff had no past relevant work. Tr. 15. At step five, the ALJ determined that jobs existed in significant numbers in the national and local economy that plaintiff could perform despite his impairments. Tr. 16. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act. Id.

---

[3] Specifically, the ALJ found that, viewing the record "[i]n a light most favorable to [plaintiff,] the combination of his asthma and symptoms of unknown etiology combine to create a severe impairment." Tr. 12.

Page 5 - OPINION AND ORDER

**DISCUSSION**

Plaintiff alleges that the ALJ erred by: (1) finding him not credible; (2) improperly assessing the lay witness testimony; and (3) failing to account for all of his limitations in the RFC, rendering the step five finding invalid.

I.  Plaintiff's Credibility

Plaintiff contends the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, to reject his subjective symptom statements concerning the extent and severity of his impairments. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If, however, the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas v.

Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

At the hearing, plaintiff testified that his testicular pain became disabling in October 2005, despite the fact that his alleged onset date was January 2005. Tr. 42. When asked to clarify this discrepancy, especially in light of the fact that plaintiff's first and only job started in May 2005 and ended in July 2005, plaintiff remarked that his testicular pain was bothering him while he was working, but "it wasn't as severe" until "[a] little bit after I stopped working, a few months after." Tr. 41-43. Plaintiff stated further that, due to the severity of this pain, he is unable to sit upright, lift more than five pounds, stand for more than five to ten minutes, and walk for more than thirty minutes; he also needs to lay down, for two to three hours, after engaging in any sort of activity that lasts an hour. Tr. 44-45, 52. In between periods of bed rest, plaintiff reported that he "read[s] or watch[es] a movie or something."[4] Tr. 44.

After summarizing plaintiff's hearing testimony, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but that his statements regarding the extent of these symptoms were not fully credible due to his inconsistent statements, poor work

---

[4] Beyond his hearing testimony and a singular statement to a medical provider that he "[c]reates rap music with his older brother," there is no other evidence regarding plaintiff's activities of daily living. Tr. 283. In fact, the record does not contain an adult function report or a pain questionnaire.

Page 7 - OPINION AND ORDER

history, and the lack of corroborating objective medical evidence.[5] Tr. 13-15. In addition, the ALJ noted that plaintiff's asthma was well controlled with medication. Tr. 14-15.

Notably, the ALJ determined that plaintiff's credibility was impaired by his contradictory statements concerning when and why he stopped working: "[he] provided opposite responses for why he quit working in 2005, writing that it was due to low pay and testifying that it was due to his pain [and has likewise] been inconsistent in his statements regarding when his pain began." Tr. 15. Inconsistencies in a claimant's testimony can serve as a clear and convincing reason for discrediting it. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). To be sure, when a claimant's work history undercuts his assertions, the ALJ may rely on that contradiction to discredit the claimant. See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ may disregard subjective pain testimony where the claimant stopped work due to reasons other than the alleged disability).

Substantial evidence supports the ALJ's conclusion in the case at bar. Plaintiff alleged in his application that he became unable to work in January 2005 and, further, that he quit his job in June

---

[5] To the extent he asserts that the ALJ committed reversible error by failing to "identify specific evidence which shows that specific testimony is not credible," plaintiff's argument is rejected. Pl.'s Opening Br. 14-15 (emphasis omitted). The ALJ accurately summarized plaintiff's hearing statements concerning the extent and severity of his limitations before discussing why those statements were not credible based on the other evidence of record. See Tr. 12-15. This analysis is sufficient to permit the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's testimony.

Page 8 - OPINION AND ORDER

2005 due to "[l]ow pay." Tr. 117. Yet at the hearing plaintiff testified that his testicular pain began in October 2005, "a little bit after [he] stopped working" in July 2005. Tr. 41-42. Noting these inconsistencies, the ALJ expressly provided plaintiff with an opportunity to reconcile his statements. See Tr. 42. Plaintiff's response, however, was vague; he elaborated only that he ceased working in July 2005 because of testicular pain, but, at the same time, maintained that this pain did not become disabling until October 2005. Tr. 42-43. As the ALJ found, these discrepancies in plaintiff's testimony belie his assertion that he stopped working due to his disabling impairments. Bruton, 268 F.3d at 828; see also Tr. 14-15. Therefore, the ALJ articulated a specific, clear and convincing reason, supported by substantial evidence, for rejecting plaintiff's testimony.

The ALJ also found that plaintiff "has shown himself to be a young man with no ties to the workforce and questionable motivation overall," which further undermined his subjective symptom statements. Tr. 15. A claimant's poor work history or lack of motivation to work is relevant to the issue of credibility. See Thomas, 278 F.3d at 959 (ALJ gave clear and convincing reasons for discounting claimant's testimony based on the claimant's "extremely poor work history," showing "little propensity to work in her lifetime"). Here, plaintiff's only official employment was a two month stint working seven hours per day, four days per week, as a forestry aid. Tr. 42-43, 118. Although, as discussed above, plaintiff's reasons for leaving this position were equivocal, as

Page 9 - OPINION AND ORDER

the ALJ denoted, "he has not tried to find other work since quitting his one and only job." Tr. 14; see also Tr. 44 (plaintiff admitting that he has not looked for work since July 2005). Essentially, while still young at 24 years old, plaintiff has not worked for the overwhelming majority of his adult life and, furthermore, does not appear inclined to do so given that he has not and is not looking for employment and dropped out of high school in the twelfth grade, and has not otherwise sought to graduate or obtain a GED. Tr. 44-46, 62-63. Accordingly, although this evidence could be interpreted more favorably to plaintiff, the ALJ's reading is nonetheless reasonable and therefore must be upheld. See Burch, 400 F.3d at 679 (variable interpretations of the evidence are insignificant if the ALJ's interpretation is reasonable); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004) (court must uphold an ALJ's rational interpretation of the evidence).

Additionally, the ALJ concluded that plaintiff lacked credibility because, "[d]espite complaints of increasing symptoms, objective findings have remained unremarkable." Tr. 15. The ALJ is correct; plaintiff has undergone numerous diagnostic procedures relating to his testicular pain, including physical examinations, MRIs, CTs, and ultrasounds, but his medical providers have been unable to identify any underlying physical or physiologic abnormalities. See, e.g., Tr. 160, 164-65, 170-71, 173-76, 184, 194, 299, 313-14; see also Tr. 233, 268, 273-74 (non-examining Drs. Eder, Jensen, and Alley opining that the medical evidence does not

Page 10 - OPINION AND ORDER

establish the existence of a medically determinable severe impairment because plaintiff "has no significant complications [with his asthma, which] does not require multiple med[ications,] [and] [t]here is no medically supported etiology for his testicular pain"). In other words, as the ALJ observed, the record is devoid of any objective findings or diagnoses to account for his pain: "[t]he only medically determinable impairment in the objective findings is asthma, which medications have generally controlled." Tr. 15. Thus, "[a]lthough lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch, 400 F.3d at 680-81 (citation omitted). The ALJ therefore did not err in this regard.

The ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements. As such, this Court need not discuss all of the reasons provided by the ALJ because at least one legally sufficient reason exists. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's credibility finding is affirmed.

II. Lay Witness Testimony

Plaintiff next asserts that the ALJ neglected to provide a germane reason to reject the testimony of his mother, Ms. Page. Lay testimony regarding a claimant's symptoms or how an impairment affects the ability to work is competent evidence that an ALJ must take into account. Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir.

Page 11 - OPINION AND ORDER

2012) (citation omitted). The ALJ must provide "reasons germane to each witness" in order to reject such testimony. Id. (citation and internal quotation omitted). In rejecting lay statements, the ALJ need not "discuss every witness's testimony on a individualized, witness-by-witness basis . . . if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." Id. (citations omitted).

Ms. Page testified that plaintiff began experiencing severe testicular pain at age 16; she remarked that this pain is ongoing and, as a result, plaintiff could not complete high school. Tr. 58-64. When asked to specifically describe what she "observed about [plaintiff] that may tend to indicate that he would have difficulty functioning in a work setting," Ms. Page responded that "[h]e has a weight limit to how much he can actually lift" due to his pain; she also explained that he "ha[s] to stop what he [is] doing, sit down, lay down, [and cannot] walk for a long period of time." Tr. 58-59. Lastly, she noted that plaintiff's medical insurance prevented him from "get[ting] some specialists to take a look at him, and [to] get some tests that are approved, to figure out what is actually wrong." Tr. 63.

After discussing the relevant evidence of record as it related to plaintiff's credibility and reiterating Ms. Page's hearing testimony, the ALJ afforded "as much weight and benefit of the doubt to the statements of [plaintiff] and his mother as reasonably warranted by the overall record" and, accordingly, limited

Page 12 - OPINION AND ORDER

plaintiff to sedentary level work. Tr. 15. As such, the ALJ did not wholly reject the lay witness testimony. Nevertheless, plaintiff is correct that, because not all of the limitations described by Ms. Page are reflected in the RFC, the ALJ rejected some of her statements without explicitly providing a reason for doing so.

Even assuming, however, that the ALJ erred in this regard, such error was harmless. See Molina, 674 F.3d at 1114-22 ("an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims") (citation and internal quotations omitted). Ms. Page's testimony concerning plaintiff's functional limitations is nearly identical to plaintiff's. Compare Tr. 41-55 (plaintiff's hearing testimony), with Tr. 56-64 (Ms. Page's hearing testimony). As discussed above, the ALJ provided clear and convincing reasons to reject plaintiff's credibility, and these reasons are equally applicable to Ms. Page's testimony. Critically, plaintiff's poor work history and the lack of objective medical findings erode the credibility of both his and his mother's statements. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (rejecting lay testimony on same basis as the claimant's discredited subjective reports). Thus, the ALJ's decision is affirmed as to this issue.

III. <u>RFC Assessment and Step Five Finding</u>

Finally, plaintiff argues that the ALJ's RFC and, by extension, his step five finding are erroneous because they do not account for "[t]he defining aspect of Plaintiff's chronic testicular pain[:] his inability to sit, stand, or walk for more than 10 to 30 minutes at a time, and his need to lie down every hour due to intractable pain [as endorsed by the testimony of] [b]oth Plaintiff and his mother." Pl.'s Opening Br. 8; <u>see also</u> Pl.'s Reply Br. 1-3. The RFC is the maximum that a claimant can do despite his or her limitations. <u>See</u> 20 C.F.R § 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, <u>available at</u> 1996 WL 374184. Only limitations supported by substantial evidence must be incorporated into the RFC. <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

As discussed above, the statements of plaintiff and Ms. Page were properly discredited by the ALJ. In other words, the ALJ's determination that plaintiff retains the ability to perform sedentary work, especially in light of the consulting-source opinions[6] and the lack of any medically acceptable signs, symptoms,

---

[6] The Court recognizes that the opinions of consulting sources are generally afforded less weight; here, however, because plaintiff failed to submit any medical opinions and, further, has not obtained an underlying diagnosis to account for his testicular pain, the reports from Drs. Eder, Jensen, and Alley constitute the only expert evidence of record.

Page 14 - OPINION AND ORDER

or laboratory findings, is rational and therefore may not be disturbed. See Tr. 160, 164-65, 170-71, 173-76, 184, 194, 233, 268, 273-74, 299, 313-14; see also Batson, 359 F.3d at 1198. Accordingly, plaintiff's argument, which is contingent upon a finding of harmful error in regard to the aforementioned issues, is without merit. Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 18th day of December 2013.

_____
Ann Aiken
United States District Judge